# NELSON *v.* FLINT.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 196. Argued and submitted March 3, 1897. — Decided March 22, 1897.

On the face of the papers contained in the record, the right of the plaintiff below to recover is clear.

Conversations between two makers of a note, in the absence of the payee, and without his knowledge, are not binding upon him, and are not admissible in evidence against him in an action to recover on the note.

A party cannot, by merely filing with the clerk an affidavit not incorporated

in any bill of exceptions, bring into the record evidence of what took place at the trial.

The errors alleged were frivolous, and the writ of error was sued out for delay, for which, in affirming the judgment, ten per cent damages are allowed under clause 2 of Rule 23.

On June 3, 1892, the defendant in error commenced suit in the District Court of the Fourth Judicial District of the Territory of Utah for the county of Weber upon a promissory note, of which the following is a copy:

" $6700.          SALT LAKE CITY, UTAH, *April* 3, 1891.

" On or before the 23d day of April, 1892, without grace, for value received, we or either of us promise to pay to the order of Richard Flint sixty-seven hundred dollars, negotiable and payable at Ogden, Utah, without defalcation or discount, with interest, at the rate of ten per cent per annum, from date until paid, both before and after judgment.

" Interest payable semi-annually.

                                   " ALFRED H. NELSON.
                                   " FRANK J. CANNON.
                                   " A. H. CANNON."

The original answer denied that plaintiff was the owner or holder of the note, and alleged generally that it was made without consideration, and that plaintiff wrongfully obtained possession thereof. Subsequently an amendment was filed which stated that the plaintiff had been since about June 19, 1889, the holder and owner of two promissory notes signed by the defendants Nelson and Frank J. Cannon, amounting to $6700; that he offered to surrender those notes and waive all claim for interest if the makers would furnish him a new note signed by them and their codefendant in this case, A. H. Cannon; that in reliance upon such agreement the note sued upon was signed and the plaintiff obtained possession of it upon a promise to return the old notes, which he had failed to do. This amended answer was met by, in substance, a general denial. Upon a trial before the court and a jury a verdict and judgment were returned and entered

in favor of the plaintiff for the full amount of the note and interest. This judgment was thereafter affirmed by the Supreme Court of the Territory, 10 Utah, 261, to reverse which latter judgment of affirmance a writ of error was sued out from this court.

*Mr. Abbot R. Heywood* for plaintiffs in error.

*Mr. Pliny B. Smith* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

On the face of the papers the right of the plaintiff to recover is clear. The record does not contain the entire testimony offered on the trial. It cannot, therefore, be said, even if this court were at liberty to examine the testimony, that it was not amply sufficient to sustain the verdict and judgment.

It is alleged that the trial court erred in ruling out evidence of a conversation between Frank J. Cannon and A. H. Cannon in the absence of the plaintiff — a conversation which it was claimed induced A. H. Cannon to sign the note. The mere statement of the proposition carries its own answer. Conversations between two makers of a note, in the absence of the payee, are clearly not binding upon the latter. No representations, true or false, made by one maker of a note to another, no secret understanding between such makers, no inducements offered by one to the other, affect the validity of the instrument in the hands of the payee unless he knew or was chargeable with notice of such facts. The vital question is not what passed between the makers by themselves, but what passed between the payee and any one of the makers.

It is also alleged that there was error in refusing to permit evidence as to certain collateral security, which it is claimed should have been exhausted before an action could be maintained on the note. It is a sufficient reply to this contention that there is no suggestion in the answer of any collateral

security, and the court properly refused to consider any de-
fences not so presented.

A final matter is this: Frank J. Cannon testified that
when he handed this note to plaintiff the latter promised to
return the two original notes of $3200 and $3500 respectively,
amounting in the aggregate to $6700, which he then held;
that he failed to do so, or to cancel such prior notes.    The
bill of exceptions states that the defendants asked the follow-
ing instruction :

" If you find that Flint took the note in suit under the repre-
sentations that he would return it the following day or cancel
the old notes, then you must find a verdict for defendants."

Upon which the court made this minute :

" Not handed in until after the instruction had been given.

" This request was not given the court until after the court
had instructed the jury ; therefore refused."

The instructions which were given are not copied in the
record, nor is there anything in the bill of exceptions show-
ing how long after the court had finished its charge to the
jury this instruction was asked.    It is true that there appears
in the transcript, as printed, this affidavit of counsel:

" A. R. Heywood on oath says: I handed above request
for instruction to judge immediately on his ceasing his own
charge to jury, and on his refusal I took on the margin an
exception to his refusal."

But no such affidavit can be considered by this court.    A
party cannot by merely filing with the clerk an affidavit not
incorporated in any bill of exceptions, bring into the record
evidence of what took place on the trial.    So that upon the
record as properly prepared we can only consider the question
whether error can be adjudged in a refusal by the trial court
to give an instruction presented at any time after it has fin-
ished its charge, and when it does not appear that the same
matter has not already been fully and satisfactorily explained
to the jury.    Obviously but one answer can be given to this
question.    It cannot be that after the court has finished its
charge, after perhaps the jury have retired to consider of
their verdict, and at any time before such verdict is returned,

a party can hand up an instruction to the court and demand as of right that it shall be given to the jury; and then if the court fails to recall the jury, and give such instruction, and it embodies a proposition apparently correct, the judgment must be set aside without any showing as to what the charge of the court really was, or that it did not cover the matter contained in this instruction asked at such late time. It is unnecessary to consider whether the proposition of law as stated therein is correct or not. It is enough to hold that, so far as this record discloses the time and manner in which this instruction was presented, it does not affirmatively appear that it was presented under such circumstances as to demand consideration on the part of the court.

These are all the questions presented. We see no error in the record, and must affirm the judgment.

The defendant in error, plaintiff below, asks this court to add ten per cent damages, on the ground of the frivolousness of the errors alleged, and because the suing out of the writ of error was for delay. Under clause 2 of Rule 23 of this court we think this application should be granted.

*The judgment is affirmed, with costs, and ten per cent damages.*