## McLEOD et al. v. UNITED STATES.
### No. 896.

Circuit Court of Appeals, Tenth Circuit.
Nov. 27, 1933.

S. R. Owens, of Denver, Colo., for appellant.

Thomas J. Morrissey, U. S. Atty., John G. Reid, Asst. U. S. Atty., and Richard A. Toomey, Atty., Dept. of Justice, all of Denver, Colo., and T. R. Callahan, Atty., Dept. of Justice, of Washington, D. C., for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellants brought this action against the United States to recover upon a policy of war risk insurance issued to Charles Sumner McLeod. Trial by jury was duly waived and the case tried to the court. Judgment was for the United States.

The court made the following finding of fact, "That said Charles Sumner McLeod, insured herein, was not totally and permanently disabled within the terms of his contract of War Risk Term Insurance involved in this action during the time that said contract of insurance was in force"; and the following conclusion of law: "That inasmuch as the proof fails to show that the contract of War Risk Term Insurance sued upon matured under its total and permanent disability clause while it was in force, and inasmuch as said contract of War Risk Term Insurance was not in force at the date of death of the insured, that the plaintiffs herein are not entitled to recover in this action and the clerk is directed to enter judgment in favor of the defendant dismissing plaintiff's Amended Complaint at the cost of plaintiffs."

In the record proper there appears a purported request by appellants for special findings of fact and conclusions of law. These, however, not being incorporated in the bill of exceptions are not properly a part of the record, and may not be considered here. McPherson v. Cement Gun Co. (C. C. A. 10) 59 F.(2d) 889; White v. United States (C. C. A. 10) 48 F.(2d) 178, 181; Davis v. United States (C. C. A. 10) 67 F.(2d) 737, decided November 27, 1933.

The bill of exceptions contains no challenge by the appellants to the sufficiency of the evidence to support the special findings made by the trial court, no request for a declaration of law that they are entitled to judgment, and no motion for a judgment in their favor.

By their assignments of error appellants charge that the court erred in making its special findings of fact and conclusions of law and in entering judgment thereon, because they are contrary to the evidence; and that it erred in refusing to make the findings of fact and conclusions of law requested by appellants. The errors assigned are not reviewable on this record. White v. United States, supra; Davis v. United States, supra; Henry H. Cross Co. v. Texhoma O. & R. Co. (C. C. A. 8) 32 F.(2d) 442, 445.

The judgment is therefore affirmed.