CENTURY INDEMNITY CO. *v.* NELSON.

No. 362. Argued February 2, 1938.—Decided February 28, 1938.

*Mr. Jewel Alexander,* with whom *Mr. Oliver Dibble* was on the brief, for petitioner.

*Mr. Joe G. Sweet* submitted on brief for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

This cause went up by appeal from the District Court, Northern District, California. Of the twenty-eight assignments of error, eleven, based upon the trial court's refusal of certain requested special findings, were rejected by the Circuit Court of Appeals. It held the requests "were made too late," that "the findings were proposed after the trial had been completed and after the court had announced its decision and hence did not occur during the trial." To support this view it cited *Continental National Bank* v. *National City Bank,* (9th Cir.) 69 F. (2d). 312, 317, which affirms—"It is settled that they [requests for findings] came too late if made after judgment even though the trial judge, after judgment, granted leave to make the request."

A jury having been duly waived, the trial judge heard evidence. At the conclusion of this counsel for both sides made motions for judgment and findings. The minutes of May 31, 1934, show—"This case having been heretofore heard and submitted and due consideration having been had, it is ordered that judgment be entered for plaintiff, with interest and costs, upon findings of facts and conclusions of law to be presented."

The bill of exceptions recites—"Thereafter, [after requests for judgment and findings] the case was orally argued before the court and was submitted upon written briefs. Thereafter and on June 1, 1934, [May 31 ?] and outside the presence of the parties, the Court made and entered its order granting judgment to the plaintiff with findings to be submitted. Thereafter proposed findings of fact and conclusions of law were served and lodged with the Court by plaintiff, and within the time allowed by law the defendant served and lodged its proposed special findings of fact and conclusions of law in lieu of those proposed by the plaintiff.

"Thereafter and on June 16, 1934, the Court, without the presence of the parties, signed the proposed special findings of fact and conclusions of law of the plaintiff and filed same on said date as the findings and conclusions of the Court, and judgment was entered on said June 16, 1934."

June 16, 1934, "Special Findings and Conclusions of Law" presented for plaintiff Nelson were signed by the District Court and were filed. The document concluded thus—

"From the foregoing Findings of Fact the court concludes that judgment should be entered in favor of the plaintiff and against the defendant in the sum of Six Thousand ($6000.00) Dollars together with interest thereon at the legal rate of seven per cent (7%) per annum from the date of the commencement of this action, to-wit: September 24, 1931, together with plaintiff's costs of suit incurred herein, and that upon satisfaction of said Judgment the Clerk of this court should deliver to the defendant the assignment by plaintiff against the San Francisco Iron & Metal Company, a corporation in bankruptcy.

"Let judgment be entered accordingly."

Sec. 875, Title 28, U. S. C. A., is in the margin; [1] also Rule 42, District Court Northern District of California.[2]

---

[1] Section 875, Title 28, U. S. C. A.

*Review in cases tried without jury.* When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment.

[2] Rule 42, United States District Court, Northern District of California.

Findings . . . In actions at law, where a request for special findings of fact is made and granted, and in suits in equity, no judgment

We are unable to accept the conclusion below that within the intent of the statute the "progress of the trial" ended on June 1, when the court ordered "that judgment be entered for plaintiff, with interest and costs, upon findings of fact and conclusions of law to be presented," and thereafter it was too late adequately to present special findings of fact. The qualifying words in the order "upon findings of fact and conclusions of law to be presented" are appropriate to suggest "merely a preliminary order" and reservation of opportunity for further action. Considering them along with Rule 42 and the subsequent action by counsel for both sides and the court—all without suggestion of objection—it appears plain enough that all parties understood the cause was "in progress of trial" until entry of the final judgment on June 16. Rule 42 is susceptible of the interpretation insisted upon by counsel for petitioner and ap-

---

shall be entered until the findings and, in an equity suit, the conclusions of law, shall have been signed and filed or waived as hereinafter provided; but the rendition of the decision or opinion shall be deemed and considered, and shall be entered by the Clerk, as merely a preliminary order for judgment. Within five days after written notice of the decision, the prevailing party shall prepare a draft of the findings and, in an equity suit, of the conclusions of law, and deliver the same to the Clerk for the Judge and serve a copy thereof upon the adverse party, who may, within five days thereafter, deliver to the Clerk and serve upon the adverse party such proposed amendments or additions as he may desire.

If the prevailing party fails to present such draft as above provided, the adverse party may prepare a draft thereof and deliver the same to the Clerk for the Judge and serve a copy thereof on the prevailing party within five days thereafter.

The findings of fact and, where required, the conclusions of law, shall thereafter be settled by the Judge, and when so settled shall be engrossed within five days thereafter, and shall be then signed and filed. A failure to comply with the requirements of this rule may be deemed to be a waiver of findings by the party so failing.

parently they proceeded in good faith according to that view. In so doing, we think they were right. See *Clement* v. *Phoenix Ins. Co.*, Fed. Cases 2,882.

*Continental National Bank* v. *National City Bank* does not discuss Rule 42 and went upon facts which seem materially different from those presented by this record.

Refusal to consider the eleven assignments of error arose from what we regard as wrongful interpretation and application of § 875 and Rule 42. Their evident purpose is to insure orderly and timely presentation to the judge of matters deemed important in advance of any definite action by him in respect of them. They should not be so narrowly construed as to defeat their real purpose.

It is not necessary in the circumstances to treat the first order for judgment (June 1) as ending "the progress of the trial." All counsel and the presiding judge seem, rightly we think, to have entertained a wholly different view and to have acted accordingly.

The challenged judgment must be reversed. The cause will be remanded to the Circuit Court of Appeals for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.