## CENTURY INDEMNITY CO. v. NELSON.

### No. 7618.

Circuit Court of Appeals, Ninth Circuit.

May 9, 1938.

Jewel Alexander, Wm. C. Bacon, Redman, Alexander & Bacon, and R. P. Wise-carver, all of San Francisco, Cal., for appellant.

D. Hadsell, Joe G. Sweet, Everett A. Ingalls, and R. L. Lamb, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

On February 28, 1938, the Supreme Court (58 S.Ct. 531, 82 L.Ed. ——), reversed our decision in the above-entitled case (9 Cir., 90 F.2d 644) and remanded the case to us for a consideration of eleven assignments of error predicated upon the refusal of the trial court to adopt special findings of fact and conclusions of law proposed by the appellant. The specifications of error presented to the Supreme Court upon the petition for certiorari, 58 S.Ct. 55, 82 L.Ed. ——, were as follows:

"1. The decision of the Circuit Court of Appeals is in conflict with the decisions of other circuit courts of appeals in matters of procedure.

"2. The decision of the Circuit Court of Appeals is in conflict with the decisions of this Court in the matter of considering plain error."

The Supreme Court held that in view of rule 42 of the District Court of the United States for the Northern District of California, and the order for judgment indicating that it was to be based upon findings thereafter to be prepared, the trial did not end until such findings were adopted by the trial court, and, consequently, that appellant's proposed findings which had theretofore been lodged with the court were presented during the trial. Thus the decision of the Supreme Court was narrowed to an interpretation of rule 42 and the cause was remanded to us for a consideration in conformity with this decision.

■■ The assignments of error predicated upon the rejection of the plaintiff's proposed findings of fact and conclusions of law cannot be sustained for the reason that the proposed findings of fact and conclusions of law are not incorporated in the bill of exceptions, either directly or by reference. The transcript contains a document purporting to be proposed special findings and conclusions of law, coupled with a statement indicating that these special findings were proposed by the defendant, but it is well established that in an appeal from a judgment in a law case the appellate

680

court can only consider matters which are shown by the record proper and by the bill of exceptions made a part thereof by its allowance and authentication by the trial judge. Young v. Martin, 8 Wall. 354, 75 U.S. 354, 19 L.Ed. 418; Mercantile Ins. Co. v. Folsom, 18 Wall. 237, 85 U.S. 237, 248, 21 L.Ed. 827; Washington Packet Co. v. Sickles, 19 Wall. 611, 86 U.S. 611, 22 L.Ed. 203; Baltimore & P. R. R. Co. v. Trustees, etc., 91 U.S. 127, 23 L.Ed. 260; Evans v. Stettnisch, 149 U.S. 605, 13 S.Ct. 931, 37 L.Ed. 866; England v. Gebhardt, 112 U.S. 502, 5 S.Ct. 287, 28 L.Ed. 811; Clune v. U. S., 159 U.S. 590, 593, 16 S.Ct. 125, 40 L.Ed. 269; Nelson v. Flint, 166 U.S. 276, 17 S.Ct. 576, 41 L.Ed. 1002; Loeb v. Columbia Township Trustees, 179 U.S. 472, 485, 21 S.Ct. 174, 45 L.Ed. 280; Metropolitan R. R. Co. v. District of Columbia, 195 U.S. 322, 330, 25 S.Ct. 28, 49 L.Ed. 219; Ana Maria Co. v. Quinones, 254 U.S. 245, 247, 41 S.Ct. 110, 111, 65 L.Ed. 246; U. S. v. McNeil & Sons Co., 267 U.S. 302, 306, 307, 45 S.Ct. 258, 259, 69 L.Ed. 620. In McLeod v. United States, 67 F.2d 740, the Tenth Circuit Court of Appeals, speaking through Judge Phillips, said: "In the record proper there appears a purported request by appellants for special findings of fact and conclusions of law. These, however, not being incorporated in the bill of exceptions are not properly a part of the record, and may not be considered here. McPherson v. Cement Gun Co. (C.C.A.10) 59 F.2d 889; White v. United States (C.C.A.10) 48 F.2d 178, 181; Davis v. United States (C.C.A.10) 67 F.2d 737."

Judgment affirmed.