## EX PARTE CENTURY INDEMNITY CO.

No. —, Original.   Decided December 12, 1938.

*Mr. Jewel Alexander* was on a brief for petitioner.

*Mr. Joe G. Sweet* was on a brief for G. Nelson, appellee below.

PER CURIAM.

On an appeal from a judgment for the plaintiff in an action at law, in which a jury was waived, the Circuit Court of Appeals refused to consider certain assignments of error upon the ground that they related to findings requested by the defendant after the trial had been concluded. The judgment was affirmed, 90 F. 2d 644, and certiorari was granted. We were unable to accept the conclusion of the Circuit Court of Appeals that when the trial court ordered "that judgment be entered for plaintiff, with interest and costs, upon findings of fact and conclusions of law to be presented," it was thereafter "too late adequately to present special findings of fact." It was not necessary to treat the first order for judgment as ending "the progress of the trial." 28 U. S. C. 875. The qualifying words in the order were appropriate to suggest a "reservation of opportunity for further action." Accordingly, the judgment of the Circuit Court of Appeals was reversed and the cause was remanded to that court for further proceedings in conformity with the opinion of this Court. *Century Indemnity Co.* v. *Nelson,* 303 U. S. 213.

On the later hearing, the Circuit Court of Appeals found another ground for its action,—a ground not dealt with in its former ruling and not presented by the petition for certiorari. That was that defendant's proposed

356

findings were "not incorporated in the bill of exceptions, either directly or by reference." The Circuit Court of Appeals refused to consider the assignments of error addressed to the rejection of these findings and again affirmed the judgment. 96 F. 2d 679.

On application of the defendant, this Court issued a rule directing the judges of the Circuit Court of Appeals to show cause why the judgment should not be vacated and the court be required to consider the assignments of error. The judges have made return to the rule.

While it appears from the bill of exceptions that the defendant "served and lodged its proposed findings of fact and conclusions of law," and the transcript contains a paper described as defendant's proposed findings of fact and conclusions of law, that paper is not included in the bill of exceptions and hence is not properly authenticated. 28 U. S. C. 875. *Insurance Company* v. *Folsom,* 18 Wall. 237, 249; *McLeod* v. *United States,* 67 F. 2d 740.

In view of that defect, we cannot direct the Circuit Court of Appeals to consider the assignments of error and the rule to show cause must be discharged.

*Rule discharged.*