## LACK v. WESTERN LOAN & BUILDING CO. et al.

### No. 10730.

. Circuit Court of Appeals, Ninth Circuit.

Dec. 30, 1944.

Rehearing Denied Jan. 29, 1945.

John L. Schaefer and Henry S. Dottenheim, both of Beverly Hills, Cal., for appellant.

M. Perelli-Minetti, of Los Angeles, Cal., and H. L. Mulliner, of Salt Lake City, Utah, for appellee Western Loan & Building Co.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In Lack v. Western Loan & Building Co., 9 Cir., 134 F.2d 1017, we reversed, in part, a judgment of the District Court of the United States for the Southern District of California and remanded the case to that court with directions to enter judgment awarding to Western $19,250 of the $28,067.87 which had been deposited in the registry of the court by Pearl Assurance Company, Limited, awarding to Lack the balance ($8,817.87) of the $28,067.87, and requiring Western to convey certain property to Lack.

Our mandate was issued on May 29, 1943, and was filed in the District Court on June 3, 1943. That court did not enter judgment as directed by our mandate and, so far as the record shows, was not requested by either party to enter such judgment. Instead of requesting such entry of judgment, Lack requested the court to enter an interlocutory decree and on July 12, 1943, submitted to the court a proposed form of interlocutory decree. On September 15, 1943, he withdrew that form and proposed another form of interlocutory decree.

On December 20, 1943, the District Court entered an interlocutory decree entitled "Interlocutory Decree Pursuant to Mandate of the Circuit Court of Appeals." Actually, the interlocutory decree was not pursuant to this court's mandate, for that mandate did not direct the District Court to enter an interlocutory decree, but directed it to enter judgment—meaning, of course, a final judgment.

The interlocutory decree was, in part, as follows: "It is Ordered, Adjudged and Decreed, * * * That this decree is interlocutory; * * * That [the District Court] retains jurisdiction for the determination of the matters herein undisposed

of and * * * Lack is hereby granted permission to apply for such other and further relief regarding the matters herein described and for costs of suit incurred in the District Court."

On January 24, 1944, Lack moved the District Court to "resettle and amend" the interlocutory decree. On February 7, 1944, Western moved to strike a part of Lack's motion. On February 16, 1944, the court entered an order granting Western's motion and denying Lack's motion. From the interlocutory decree and from the order of February 16, 1944, Lack has appealed.

Neither the interlocutory decree nor the order of February 16, 1944, was a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a). Both were interlocutory. Neither was appealable.

Appeal dismissed.