## LACK v. WESTERN LOAN & BUILDING CO.

### No. 11179.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1946.

Harry W. Horton, of El Centro, Cal., for appellant.

George E. Lindelof, of Los Angeles, Cal., and H. L. Mulliner, of Salt Lake City, Utah, for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

In Lack v. Western Loan & Building Co., 9 Cir., 134 F.2d 1017, we reversed, in part, a judgment of the District Court of the United States for the Southern District of California and remanded the case to

that court with directions to enter judgment awarding to Western $19,250 of the $28,067.87 which had been deposited in the registry of the court by Pearl Assurance Company, Limited, awarding to Lack the balance ($8,817.87) of the $28,067.87, and requiring Western to convey certain property to Lack.

Our mandate was issued on May 29, 1943, and was filed in the District Court on June 3, 1943. Thereupon, instead of entering judgment as directed, the court entered an interlocutory decree. Lack moved the court to "resettle and amend" the interlocutory decree. Western moved to strike a part of Lack's motion. The court entered an order granting Western's motion and denying Lack's motion. Lack appealed from the interlocutory decree and from the order. We dismissed that appeal on December 30, 1944. Lack v. Western Loan & Building Co., 9 Cir., 146 F.2d 852.

On July 2, 1945, the District Court entered judgment in accordance with our mandate of May 29, 1943. Lack has appealed from that judgment. Western moves to dismiss the appeal. The motion must be granted; for, having been entered in accordance with our mandate, the judgment was not appealable. Tyler Mining Co. v. Last Chance Mining Co., 9 Cir., 97 F. 394; Merrill v. National Bank of Jack-sonville, 5 Cir., 78 F. 208; Singer Mfg. Co. v. Adams, 5 Cir., 185 F. 768. See, also, Stewart v. Salamon, 97 U.S. 361, 24 L.Ed. 1044; Humphrey v. Baker, 103 U.S. 736, 26 L.Ed. 456; Mackall v. Richards, 116 U.S. 45, 6 S.Ct. 234, 29 L.Ed. 558; Texas & Pacific R. Co. v. Anderson, 149 U.S. 237, 13 S.Ct. 843, 37 L.Ed. 717; Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 14 S.Ct. 4, 37 L.Ed. 986.

Contending that the judgment was appealable, Lack cites Ex parte Century Indemnity Co., 305 U.S. 354, 59 S.Ct. 239, 83 L.Ed. 216;[1] Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184;[2] Illinois Bell Tel. Co. v. Slattery, 7 Cir., 98 F.2d 930;[3] Id., 7 Cir., 102 F. 58; Millers' Mutual Fire Ins. Assn. v. Bell, 8 Cir., 99 F.2d 289;[4] Thornton v. Carter, 8 Cir., 109 F.2d 316;[5] Epstein v. Goldstein, 2 Cir., 110 F.2d 747;[6] Herzberg's v. Ocean Accident & Guarantee Corp., 8 Cir., 132 F.2d 438;[7] Northern Pac. Ry. Co. v. Van Dusen Harrington Co., D.C.Minn., 34 F.2d 786.[8] None of these cases holds that where an appellate court's mandate directs the entry of a judgment and specifies the terms and provisions thereof, as our mandate did, the judgment so entered is appealable. Hence none of them is in point.

Appeal dismissed.

[1] See Century Indemnity Co. v. Nelson, 303 U.S. 213, 58 S.Ct. 531, 82 L.Ed. 755; Id., 9 Cir., 96 F.2d 679.

[2] See Ticonic Nat. Bank v. Sprague, 303 U.S. 406, 58 S.Ct. 612, 82 L.Ed. 926; Sprague v. Picher, D.C. Maine, 23 F.Supp. 59; Sprague v. Ticonic Nat. Bank, 1 Cir., 99 F.2d 583.

[3] See Lindheimer v. Illinois Bell Tel. Co., 292 U.S. 151, 54 S.Ct. 658, 78 L.Ed. 1182.

[4] See Millers' Mutual Fire Ins. Ass'n. v. Warroad Potato Growers Assn., 8 Cir., 94 F.2d 741.

[5] See Carter v. Thornton, 8 Cir., 93 F.2d 529.

[6] See Epstein v. Goldstein, 2 Cir., 107 F.2d 755.

[7] See Ocean Accident & Guarantee Corp. v. Herzberg's, 8 Cir., 100 F.2d 171; Herzberg's v. Ocean Accident & Guarantee Corp., D.C.Neb., 42 F.Supp. 52.

[8] See Van Dusen Harrington Co. v. Northern Pac. R. Co., 8 Cir., 32 F.2d 466; Northern Pac. R. Co. v. Van Dusen Harrington Co., 8 Cir., 60 F.2d 394.