quate protection. But it will be time enough to consider this question when it arises, for the parties are not irrevocably bound by the decree as it stands. If circumstances change the court below is open to the plaintiff to seek modification of the present decree under the principle enunciated in United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999, in which Mr. Justice Cardozo, speaking for the court, said that even when power to modify a decree of injunction has not been reserved therein, that power nevertheless exists "by force of principles inherent in the jurisdiction of the chancery. A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need", and then, after citing cases, continued: "The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative * * * a court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." See also S. C. Johnson & Son v. Johnson, 2 Cir., 175 F.2d 176, 177.

The decree of the District Court is affirmed.

See, also, 172 F.2d 387.

D. C. Warren, E. W. Popham, Glendive, Mont., Cecil N. Brown, Terry, Mont., for appellants, Dawson and Prairie Counties.

D. J. O'Neil, Glendive, Mont., and P. F. Leonard, Miles City, Mont., for appellees, Hagan and others.

A. Devitt Vanech, Asst. Atty. Gen., Washington, D. C., John B. Tansil, U.S. Atty., Billings, Mont., John F. Cotter and Elizabeth Dudley, Attys., Dept. of Justice, Washington, D. C., for appellee, United States.

Before HEALY, BONE and ORR Circuit Judges.

PER CURIAM.

We think the court was without power to order the United States to pay any sum in addition to the amount awarded in the decree, that sum being the exact amount of the purchase price agreed upon with the two counties owning title to the lands condemned. Errors, if any, in the distribution of the amount awarded are not chargeable to the government. We are further satisfied that it was error to adjudge that Dawson and Prairie Counties return as overpayment any part of the award distributed to them. The counties had no part in the division of the lands into tracts or in the making of the valuations placed on the separate tracts. They contracted with the government to sell the lands as a whole for a

---

**DAWSON COUNTY, MONTANA et al. v. HAGEN et al.**

**HAGEN et al. v. YALE et al.**

**UNITED STATES v. HAGEN et al.**

**No. 11821.**

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1949.

As Amended Oct. 3, 1949.
Rehearing Denied Nov. 3, 1949.

fixed sum, and they are clearly entitled to retain such amounts thereof as equal the unpaid general taxes.

The judgment appealed from is modified to the extent indicated. Otherwise it is affirmed.

GREEN et al. v. PLANTERS NUT & CHOCOLATE CO., Inc.

No. 5909.

United States Court of Appeals Fourth Circuit.

Argued Oct. 4, 1949.

Decided Oct. 6, 1949.

Louis B. Fine, Norfolk, Va. (David Rein, Washington, D. C., on brief), for appellants.

Tazewell Taylor, Norfolk, Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

This suit was instituted on January 11, 1947, primarily to recover portal to portal pay under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b) as interpreted in Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515. Subsequent to the institution of the suit, Congress passed the Portal to Portal Pay Act of May 14, 1947, 29 U.S. C.A. § 251 et seq., whereby it is provided that no employer should be subjected to any liability on account of a failure to pay minimum wages or overtime compensation on account of any activity of an employee engaged in prior to the passage of the Act except an activity compensable by an express provision of a contract or by custom or practice in effect at the time of the activity, and that an activity shall be considered as compensable only when it was engaged in during the portion of the day to which it was so made compensable.