## UNITED STATES v. MARKEY et al.
### No. 348.

United States District Court
D. Montana. Billings D.
Jan. 22, 1951.

---

C. W. Buntin, Special Asst. to the U.S. Atty., Lewistown, Mont., for plaintiff.

Daniel L. O'Hern, Miles City, Mont., for Peter E. Tjensvold, et al.

Alexander Seifert, Springfield, Minn., pro se and for Conrad Zunkle and Richard S. Schmid.

P. F. Leonard, Miles City, Mont., and Desmond J. O'Neil, Glendive, Mont., for Mary Hagen, E. B. Clark & Minnie R. Evans.

D. C. Warren and E. W. Popham, Glendive, Mont., for Dawson County, Mont.

Cecil N. Brown, Terry, Mont., for Prairie County, Montana.

Kenneth H. Barnard, East Newark, N. J., in pro se.

PRAY, Chief Judge.

On appeal the title was noted as: Dawson County, Montana and Prairie County, Montana, appellants, v. Mary Hagen, E. B. Clark and Minnie R. Evans, on their own behalf and on behalf of all bondholders of the Upper Glendive-Fallon Irrigation District of the State of Montana, and United States of America, Appellees, and Mary Hagen, E. B. Clark and Minnie R. Evans, Appellants, v. Edna Yale, Allen W. Yale and Rudy Yale, his wife, and Ruth Petterson and Hans Petterson, her husband, The Scottish American Mortgage Company, Limited, United States of Amer-

ica, Dawson County and Prairie County, Appellees, and United States of America, Appellant v. Mary Hagen, et al., Appellees, No. 11,821. But the title in the caption hereof has been carried during the course of proceedings in the District Court.

The petition of Messrs. P. F. Leonard and D. J. O'Neil, Attorneys and Counselors at Law, for allowance of counsel fees and expenses over and above regular taxable costs, for legal services rendered in the above cause, was filed herein by said petitioners on May 5th, 1950.

A former claim for such fees and expenses came before the court for consideration in the main proceedings conducted by the above named counsel to establish the right of the bondholders of the Upper Glendive-Fallon Irrigation District for distribution to them of the remaining funds held in the registry of this court under decree in the condemnation suit ordering distribution to the persons entitled thereto; to which funds the claim was being asserted in said proceedings by Dawson County, Montana, that distribution should be made to it and to Prairie County, Montana, of all such funds.

Aided by the efforts of petitioners herein, representing the bondholders, the court decided that the bondholders were entitled to all of said funds on a pro rata basis, with the exception of one or two claims otherwise disposed of, as indicated in the Court's decision, and the court further held that the said counties were not entitled to participate in the distribution of said funds, or any part thereof. D.C., 87 F.Supp. 102.

On May 18th, 1950, Godfrey Bligh and Isaac A. Milton, bondholders of said irrigation district, through their counsel, Mr. D. C. Warren, moved to dismiss the said petition on the following grounds: (1) That the petition fails to state a claim upon which relief can be granted; (2) That the matters and statements in paragraph 1 and 2 of said petition have been previously adjudicated in the above entitled court, which adjudication has been affirmed by the United States Circuit Court of Appeals for the Ninth Circuit, Dawson County v. Hagen, 177 F.2d 186 and affirmed by

the order of the Supreme Court of the United States on February 13, 1950, denying certiorari, 338 U.S. 949, 70 S.Ct. 488, 94 L.Ed. 585; (3) That the above entitled court is without power, authority or jurisdiction to grant petition filed by said attorneys.

The petition and motion were considered by the court on briefs submitted by counsel, and on a later occasion by additional briefs and authorities filed by counsel for the respective parties. In the findings of fact, following the court's decision, the claim of counsel for fees and expenses, to be paid from the funds in the court's registry, was disallowed in accordance with the decision therein. The judgment thereinafter entered denied allowance of attorney's fees "as against the compensation or funds on deposit or to be deposited with the registry of this court excepting only as to those bondholders expressly represented by them."

On appeal, the higher court held: "The judgment appealed from is modified to the extent indicated. Otherwise it is affirmed." The modification of the judgment referred to was not in respect to disallowance of attorney's fees, and in that respect it was affirmed. Thereafter certiorari was denied by the Supreme Court. After the judgment has become final can the court now entertain this petition for counsel fees and expenses in view of the contrary holding in the court's decision and findings, and especially in the judgment which was affirmed by the Court of Appeals for this Circuit, and wherein certiorari was denied? It has been held that such allowances are appropriate only in exceptional cases and for dominating reasons of justice, but here the sole question is, has the court the power to entertain this petition?

A petition came before the Supreme Court over a substantially similar state of facts in Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 779, 83 L.Ed. 1184. The petitioner therein had prosecuted the litigation solely at her own expense, and had established as a matter of law the right to recovery in relation to fourteen trusts in like situation. Her petition sought the allowance of counsel fees

and expenses over and above the regular taxable costs. The District Court decided it had no authority to grant the petition on the ground that after the appeal from its decree it had no further function to perform other than to carry out the mandate of the Supreme Court, which had the effect of directing the District Court to carry out the mandate of the Circuit Court of Appeals, which in turn in effect required the District Court to execute its original final decree by issuing its execution for a certain sum of money with costs of both courts. There the Circuit Court of Appeals affirmed " 'for the reasons stated' by the District Court, and 'for the further reason that the term of court at which the decree was entered, when the petition to amend was filed, had long since passed * * * ' ".

■■ The Supreme Court in that case said that both courts disposed of the petition not as a considered disallowance of attorney's fees and litigation expenses but because they deemed award of such costs beyond the power of the District Court. But among other things, and an important one, the court said: "But here we are concerned solely with the power to entertain such a petition. * * * the District Court deemed itself powerless because foreclosed by the mandate in Ticonic Bank v. Sprague, supra. The general proposition which moved that Court—that it was bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest— is indisputable. Compare Kansas City Southern Ry. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659. But that leaves us still to consider whether the immediate issue now in controversy was disposed of in the main litigation and therefore foreclosed by the mandate. While the mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues. See In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; Ex parte Century Indemnity Co., 305 U.S. 354, 59 S.Ct. 239, 83 L.Ed. 216. Certainly the claim for 'as between solicitor and client' costs was not directly in issue in the original proceedings by Sprague. It was neither before the Circuit Court of Appeals nor before this Court. Its disposition, therefore, by the mandate of either Court could be implied only if a claim for such costs was necessarily implied in the claim in the original suit, and its failure to ask for such costs an implied waiver."

The final word by the Supreme Court was: "We, therefore, hold that the issue in the instant case is sufficiently different from that presented by the ordinary questions regarding taxable costs that it was impliedly covered neither by the original decree nor by the mandates, and that neither constituted a bar to the disposal of the petition below on its merits."

The claim of petitioners in the present petition, as it was in the main proceedings, is that they are entitled to charge for their fees and litigation costs and expenses all the bondholders whether they represented all of them expressly or not, for the reason that all alike were benefited by their services, and that such fees and costs should be allowed and paid from the funds in the court's registry. This was the claim asserted by counsel in the main proceedings and on appeal. While the judgment in the main proceedings did not mean that counsel were not entitled to attorney's fees, it did mean and hold that such fees, as a whole against all the bondholders, were not to be allowed and paid from the funds in the registry of the court, except as to those bondholders expressly represented by them; and such in effect is the direction of the mandate of the higher court.

■ The judgment having been affirmed, any fees of counsel to be paid from the funds in the registry of the court would have to come from the share and interest of those bondholders expressly represented by said counsel; from Exhibit "A" of the petition it appears that counsel expressly represented the owners and holders of one hundred and twenty four of the bonds in question; and that thirty nine of the remaining bonds and owners and holders thereof were not expressly represented by counsel, and, consequently, fees chargeable to them can not be taken from the funds

in the registry of the court; however, the costs and expenses of counsel, as represented by their claim in the sum of $678.35, which consists of personal advances by counsel, as costs and expenses of litigation, and which the court considers a fair and reasonable charge, will be allowed and paid from the funds in the court's registry; such costs and expenses were not contained in the judgment of the lower court and were not included in the mandate which simply affirmed the judgment; no mention of them is found in the decision of the higher court, nor in the mandate, nor in the judgment, nor in the conclusions of law; so that it might be said there was no considered disallowance of such costs and expenses, and, therefore, under the authority above cited the court would be at liberty to consider and determine such litigation expense on the merits. It could be that the higher court made no mention of litigation expense for the reason that such request was premature and such matter could not be considered and determined until the case was finished and the judgment had become final. The bondholders not expressly represented by counsel benefitted from the expenditures of counsel from their personal funds in representing their interests in three different courts and finally winning a favorable decision and reaching a final judgment, and counsel should be reimbursed for such litigation expense from the registry funds, and such is the order of court herein.

■ Through the efforts of counsel the funds in the registry of the court were saved for the bondholders, in resistance of the demands made in three different courts by Dawson and Prairie Counties that the funds in their entirety belonged to the Counties. For such legal services, Messrs. Leonard and O'Neill, who expressly represented the bondholders above referred to, are entitled to a fee in the sum of three thousand dollars, which is a fair and reasonable fee for such services, to be paid from the funds in the manner aforesaid, and such counsel fees will be taken from that part of the funds to which the bondholders expressly represented by counsel are entitled to have distributed to them.

Details in regard to distribution to bondholders, payment of counsel fees and costs and expenses of litigation may be furnished by counsel. The petition is allowed to the extent above indicated, and disallowed as to bondholders not expressly represented by petitioners; and such is the decision of the court herein. Exceptions are allowed counsel.