**UNITED STATES of America ex rel. Charles TOWNSEND, Appellant,**

**v.**

**Frank G. SAIN, Sheriff of Cook County; and Jack Johnson, Warden of the Cook County Jail, Appellees.**

**No. 12520.**

United States Court of Appeals Seventh Circuit.

Dec. 17, 1958.

George N. Leighton, William R. Ming, Jr., and Loring B. Moore, Chicago, Ill., for relator-appellant.

Benjamin S. Adamowski, State's Atty., and Edwin A. Strugala, Asst. State's Atty., Chicago, Ill., for respondents-appellees.

———◆———

Before FINNEGAN, SCHNACKEN-BERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Charles Townsend, appellant, having procured an order from the district court granting leave to him to proceed *in forma pauperis*, has appealed from an order of the district court dismissing his petition for a writ of habeas corpus. That court granted him a certificate of probable cause for appeal.

It appears from motions filed in this court by appellant that he was sentenced to death, for the crime of murder, by the Criminal Court of Cook County, Illinois, on April 7, 1955, and that the execution of said sentence is now scheduled for Friday, December 19, 1958, at 12:01 A.M., in the Cook County Jail, in Chicago, Illinois.

His motion for leave to proceed in this court *in forma pauperis* will be allowed.

As to his motion for stay of execution until the disposition of this appeal, it appears that his conviction was affirmed by the Illinois Supreme Court, People v. Townsend, 11 Ill.2d 30, 141 N.E.2d 729. Certiorari was denied by the United States Supreme Court, 355 U.S. 850, 78 S.Ct. 76, 2 L.Ed.2d 60. There-after a post-conviction proceeding was filed by Townsend in the Circuit Court of Cook County, Illinois. At that time Townsend's present counsel had learned, and then presented to the court his contention, that a certain drug administered to Townsend at his request after his arrest, to relieve him of illness resulting from the deprivation of his customary use of drugs, had certain results affecting Townsend's memory. It is contended that this alleged fact made improper the admission in evidence at the trial of Townsend's written confession of the crime for which he had been convicted. The Criminal Court held against Townsend on the post-conviction hearing. The Illinois Supreme Court denied a writ of error to review said action. It further appears that 17 hours elapsed between the administering of the drug for Townsend's relief and the signing by him of his confession, and that the effect of said drug is dissipated in from 5 to 8 hours.

Townsend has had the benefit of representation by competent counsel. It does not appear that any of his federal constitutional rights have been violated. It is in accordance with justice that his motion for stay of execution be denied. That will be the court's order.

This matter comes before the Court on the petitions of counsel for petitioner-appellant for leave to proceed *in forma pauperis* and for stay of execution, with oral arguments had thereon by counsel for the parties.

On consideration whereof, it is ordered that leave be granted to appeal in this Court and to proceed *in forma pauperis*.

It is further ordered that the petition of petitioner-appellant for stay of execution be, and the same is hereby, denied.

And it is further ordered that this appeal be, and the same is hereby, dismissed.