**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Vincent James FINAZZO, Defendant-**
**Appellant.**

**No. 14253.**

United States Court of Appeals
Sixth Circuit.

March 10, 1961.

George Gregory Mantho, of Burns & Mantho, Detroit, Mich., for appellant.

Jerome A. Moore, Asst. U. S. Atty., Detroit, Mich., George E. Woods, Jr., U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before MILLER, Chief Judge, O'SULLIVAN, Circuit Judge, and THORNTON, District Judge.

SHACKELFORD    MILLER,    Jr., Chief Judge.

Apellant, Vincent James Finazzo, was found guilty by a jury under three counts of an indictment charging unlawful purchase, possession and sale of a quantity of narcotic drugs, in violation of Sections 4704(a) and 4705(a), Title 26 U.S.C., and Section 174, Title 21 U.S.C.A. He received a sentence of five years imprisonment under each of the three counts, said terms to run concurrently.

Appellant contends that it was prejudicial error for the District Judge to fail to give the jury a cautionary instruction regarding the testimony of an accomplice, who had previously plead guilty to the offense contained in the subsequent indictment of the appellant, who had not at the time of the trial been sentenced and who was a convicted narcotic felon, whose testimony was in some material respects uncorroborated. Such an instruction was not requested by the attorney for the appellant and no objections or exceptions were made by him at the close of the instructions, as provided by Rule 30, Rules of Criminal Procedure, 18 U.S.C. Appellant relies upon Rule 52(b), which provides that plain errors affecting substantial rights may be noticed although they were not brought to the attention of the court.

■ There are numerous cases stating that it is the better practice for the trial judge to caution the jury against reliance upon the testimony of an accomplice and against giving credence to such testimony in the absence of corroborating evidence. However, it is also well settled that failure of the trial judge to so instruct the jury is not reversible error. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442; Beavers v. United States, 6 Cir., 3 F.2d 860, 863; Wellman v. United States, 6 Cir., 297 F. 925, 933–934; Tuckerman v. United States, 6 Cir., 291 F. 958, 963; Wishart v. United States, 8 Cir., 29 F.2d 103, 105. See also: Continental Baking Co. v. United States, 6 Cir., 281 F.2d 137, 155, Poliafico v. United States, 6 Cir., 237 F.2d 97, 115, certiorari denied, 352 U.S. 1025, 77 S.Ct. 590, 1 L.Ed.2d 597; Robertson v. United States, 6 Cir., 111 F.2d 1018.

■ Appellant also contends that it was prejudicial error for the District Judge to receive in evidence testimony concerning conversations between the appellant and an alleged accomplice who was carrying concealed upon his person a microphone and a miniature radio transistor, thus causing the conversation to be radioed outside the room in which it took place to enforcement agents who testified to what they heard.

■ We are of the opinion that the ruling was in accordance with the Supreme Court decisions in Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944; Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322; and On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270. Until these cases are overruled or modified by later Supreme Court decisions, they are binding on both the District Court and this Court and must be followed. Chicago Great Western Ry. Co. v. Peeler, 8 Cir., 140 F.2d 865, 869; United States v. Ullmann, 2 Cir., 221 F.2d 760, affirmed 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511. See also: Cold Metal Process Co. v. E. W. Bliss Co., 6 Cir., 285 F.2d 231.

The accomplice and a narcotic agent testified to certain statements made by them in conversations with persons other than the appellant at times when the appellant was not present. The District Judge limited this evidence to testimony by the witness of what the witness himself said, not receiving in evidence the answers or statements by the other party to the conversation. Appellant contends this was prejudicial error in that no conspiracy was charged in the present case and in the absence of a conspiracy, statements by third parties out of a defendant's presence are inadmissible.

■ It is well settled that testimony about statements of others made out of the presence of the opposing party is hearsay evidence and inadmissible.

Nelson v. Flint, 166 U.S. 276, 278, 17 S. Ct. 576, 41 L.Ed. 1002. Armborst v. Cincinnati Traction Co., 6 Cir., 25 F.2d 240; Moffett v. Arabian American Oil Co., 2 Cir., 184 F.2d 859, certiorari denied, 340 U.S. 948, 71 S.Ct. 533, 95 L.Ed. 683; Landstrom v. Thorpe, 8 Cir., 189 F.2d 46, 53, 26 A.L.R.2d 1170, certiorari denied, 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed. 620. The Government contends, however, that the witnesses did not testify about what the other party to the conversation said and that their testimony about what they themselves said was not hearsay, and since the witness was subject to cross-examination about his testimony as to his own statements, the evidence was admissible. Strictly speaking, such testimony is not hearsay. But in many instances such testimony, if in enough detail and not limited to a very few statements, will clearly convey to the jury the answers made by the other party to the conversation, even though they are not stated by the witness, and for all practical purposes will have the same result as if the witness had stated what the other party to the conversation said. If the testimony of the witness indicates that it will lead to that result, it should, upon proper objection thereto, be held inadmissible.

■ In the present case, both the accomplice and the narcotic agent testified as to facts as well as to their conversations. We believe that any material evidence which may have improperly gone to the jury under the hearsay rule was properly before the jury by the factual testimony of these and other witnesses for the Government, and any error in receiving such hearsay testimony did not affect substantial rights of the appellant. Rule 52(a), Rules of Criminal Procedure; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 235, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Crescent Amusement Co., 323 U.S. 173, 184, 65 S.Ct. 254, 89 L.Ed. 160.

The judgment is affirmed.