UNITED STATES of America ex rel.
Charles TOWNSEND, Petitioner-
Appellant,

v.

Richard B. OGILVIE, Sheriff of Cook County, and Jack Johnson, Warden of Cook County Jail, Respondents-Appellees.

No. 15315.

United States Court of Appeals
Seventh Circuit.

May 17, 1966.

William R. Ming, Jr., Chicago, Ill., for appellant.

Daniel P. Ward, State's Atty. of Cook County, Donald J. Veverka, Asst. State's Atty., Chicago, Ill., Edward J. Hladis, Chief of Civil Division, for appellees.

Before DUFFY, KNOCH, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

On the last occasion the petitioner was before this court, an order of the district court granting a writ of habeas corpus pursuant to a petition filed nearly eight years ago under section 2241 of the Judicial Code, 28 U.S.C. § 2241, was reversed on the ground that the petitioner was not being confined in violation of federal law.[1] United States ex rel. Townsend v. Ogilvie, 334 F.2d 837 (7th Cir. 1964), cert. denied, 379 U.S. 984, 85 S.Ct. 683, 13 L.Ed.2d 574 (1965). Following the denial of certiorari by the Supreme Court, the mandate of this court issued directing the district court to dismiss the petition. The petitioner subsequently sought leave in the district court to amend his petition to set forth grounds not theretofore presented. The district court refused to permit amendment, stating that it had no power with respect to the petition before it to deviate from the mandate issued by this court.

██ The district court was correct. E. g., Briggs v. Pennsylvania R. R., 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). Therefore, regardless of the views we might have concerning the merits of the new grounds advanced or whether another petition might be con-

---

1. For the history of this litigation, relating primarily to the question of the voluntariness of a confession of murder for which the petitioner was convicted and sentenced to death, see People v. Townsend, 11 Ill.2d 30, 141 N.E.2d 729, cert. denied, 355 U.S. 850, 78 S.Ct. 76, 2 L.Ed.2d 60 (1957); United States ex rel.

Townsend v. Sain, 265 F.2d 660 (7th Cir. 1958), rev'd, 359 U.S. 64, 79 S.Ct. 655, 3 L.Ed.2d 634 (1959); 276 F.2d 324 (7th Cir. 1960), cert. granted, 365 U.S. 866, 81 S.Ct. 907, 5 L.Ed.2d 859 (1961), rev'd, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

sidered an abuse of the writ, we are limited to determining whether the district court complied with the mandate. Since its order was entered in exact accordance with the mandate, this appeal cannot be maintained. Stewart v. Salamon, 97 U.S. 361, 24 L.Ed. 1044 (1878); Lack v. Western Loan & Bldg. Co., 155 F.2d 1020 (9th Cir. 1946).

The appeal is dismissed.