**UNITED STATES of America, Appellee,**

v.

**Virgil REDMOND, Appellant.**

**No. 75–1767.**

United States Court of Appeals,
Tenth Circuit.

Jan. 30, 1978.

Certiorari Denied April 24, 1978.
See 98 S.Ct. 1645.

Richard J. Leedy, Salt Lake City, Utah, for appellant.

Richard W. Beckler, Fraud Section, Crim. Div., Dept. of Justice, Washington, D. C., Ronnie Edelman, Washington, D. C., for appellee.

Before SETH, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The motion of the defendant to designate a district judge to hear a petition to stay "imposition of sentence" is denied. This court has denied a motion to stay the mandate which was issued on January 5, 1978, and filed by the clerk of the district court on January 6, 1978. The district court has no power or authority to deviate from a mandate issued by the court of appeals. *Briggs v. Pennsylvania Railroad Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403; see also *Owensby v. Clark,* 5 Cir., 451 F.2d 206, 208; *United States v. Cato Brothers, Inc.,* 4 Cir., 273 F.2d 153, 157, and *United States v. Ogilvie,* 7 Cir., 360 F.2d 925, cert. denied 385 U.S. 938, 87 S.Ct. 304, 17 L.Ed.2d 218; cf. *Vendo Co. v. Lecktro-Vend Corp.,* —— U.S. ——, 98 S.Ct. 702, 54 L.Ed.2d ——, decided January 23, 1978.

The mandate requires that the appellant-defendant Redmond

"shall, within ten (10) days from and after the date of the filing of the mandate of this court in the district court, surrender himself to the custody of the United States Marshal for the District of Utah in execution of the judgment and sentence imposed upon him."

The district court is without power or authority to extend the surrender time fixed by the mandate.

The provision of the mandate giving the district court discretionary power to "permit the appellant to surrender directly to the designated Bureau of Prisons institution for service of sentence" relates only to the place for surrender and does not authorize the district court to change the time for surrender.