108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perry A. McCULLOUGH, Defendant-Appellant.
 No. 95-10380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 24, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 HUG, Chief Judge:
 
 
 1
 The defendant, Perry A. McCullough, was convicted of conspiracy, possession of cocaine with intent to distribute, use of a telephone to facilitate a drug offense, and operating a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. §§ 846, 841(a)(1), 843(b) and 848. He was sentenced to three hundred and eighty months in prison.
 
 
 2
 In a prior appeal, we vacated McCullough's CCE conviction and a related criminal forfeiture judgment, but affirmed his conviction in all other respects. United States v. McCullough, C.A. 90-10577 (9th Cir. July 14, 1994) (memorandum disposition). The reversals had no effect upon the sentence imposed against McCullough. We remanded McCullough's appeal to the district court for the limited and ministerial purpose of having the district court enter judgment on McCullough's conspiracy conviction that the district court had stayed, thereby avoiding double jeopardy concerns in light of the CCE conviction. Our case of United States v. Medina, 940 F.2d 1247, 1253 (9th Cir.1991), recommends this course of action on the part of the district court.
 
 
 3
 The district court entered its final judgment in accordance with our order, and McCullough appealed. In large part, McCullough raises anew arguments that our previous panel has already denied. These claims include challenges to his sentence as imposed under the U.S. Sentencing Commission Guidelines and to his conspiracy conviction under the Double Jeopardy Clause. We deny these arguments here on law of the case grounds. "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted). While we have the power to reconsider issues previously decided, we may only reopen issues where "the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." United States v. Houser, 804 F.2d 565, 568 (9th Cir.1986). None of these circumstances is satisfied in this case, and we decline to reopen our previous disposition of the defendant's claims.
 
 
 4
 McCullough also raises new arguments alleging ineffective assistance of counsel, prosecutorial misconduct, and variance between the indictment and the proof at trial for his conspiracy conviction. We similarly deny these claims. Ineffective assistance of counsel claims are ordinarily brought in collateral habeas proceedings because "the appellate record often lacks a sufficient evidentiary basis as to 'what counsel did, why it was done, and what, if any, prejudice resulted.' " United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995) (quoting United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1992)). The record, as currently developed in this case, does not adequately set forth the facts giving rise to an ineffective assistance of counsel claim for us to countenance McCullough's argument on direct appeal. Id. McCullough, furthermore, abandoned his claims of prosecutorial misconduct and variance from the indictment in the proof at trial when he did not raise them as issues in his initial appeal from the district court. Nilsson, Robbins, et al. v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir.1988); United States v. Loya, 807 F.2d 1483, 1487 (9th Cir.1987). He cannot argue them now. Moreover, the memorandum disposition of the prior panel did not leave these issues open for further action. Wright & Miller, Federal Practice and Procedure, § 3901 at 18 & n. 29 ("A second appeal cannot be taken from a judgment entered in compliance with the mandate of an earlier appeal.") The remand was limited to the entry of judgment of the conspiracy conviction. "[H]aving been entered in accordance with our mandate, the judgment was not appealable." Lack v. Western Loan & Building Co., 155 F.2d 1020, 1021 (9th Cir.1946).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3