UNITED STATES of America, Appellee,

v.

Harold W. MILLER, Appellant.
No. 15085.

United States Court of Appeals Sixth Circuit.
April 22, 1963.

Gordon C. Greene, Cincinnati, Ohio (Court-appointed), for appellant.

Sanford Rosenthal, Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Defendant-appellant, Harold W. Miller, was convicted by a jury of unlawful possession and sale of heroin, in violation of Section 174, Title 21, and Section 4705(a), Title 26, U.S.C.A. He appeals from the judgment entered on the verdict and, for reversal, contends that; first, the District Judge erroneously admitted certain evidence; and, second, that the evidence to support the jury's verdict is insufficient.

1. *Sufficiency of the evidence to support the verdict.*

 The government introduced direct evidence, by way of the testimony of an informer and of government agents, of defendant's guilt. The defendant took the stand and denied his guilt. His testimony was supported by that of his wife and five other witnesses, all of whom testified to an alibi. Resolution of this direct conflict in the evi-

dence and determination of the truth of the matter was properly left to the jury.

### 2. *Admissibility of evidence.*

██ In obtaining the evidence upon which Miller was convicted, agents of the U. S. Bureau of Narcotics were assisted by an informer—a so-called "special employee"—named Johnson. In the presence of government agents, Johnson telephoned Miller and arranged to purchase some narcotics from him at the latter's apartment. The informer went to defendant's home, entered it, and there purchased a quantity of heroin from defendant. While the informer, Johnson, was in the defendant's apartment, government agents in a car near the building overheard the conversation which took place between Johnson and defendant. The agents were able to overhear the conversation because an electronic device known as a Fargo transmitter was secreted on Johnson's person and transmitted radio impulses to a receiving set located in the agents' car. During this conversation, statements were made concerning the terms of the narcotics sale and purchase. At the trial, after the informer Johnson had testified to the circumstances of the sale, including the conversation, the agents who overheard it testified to the conversation and corroborated his testimony.

Defense counsel objected to the admission of the agents' testimony concerning the overheard conversation. The grounds asserted for such objections were that the testimony was hearsay, that the voices overheard were not sufficiently identified, and that the reliability of the Fargo device as a radio sending and receiving set was questionable. No assertion was made at the trial that the use of the device violated the constitutional rights of the defendant.

██ We find no merit in the grounds asserted at the trial in support of the objections made. The testimony of the agents clearly was not hearsay.

The reliability of the device and the adequacy of the identification of the voices are matters going to the weight to be given to that evidence rather than to its admissibility, and were for the jury to determine.

On this appeal, defendant for the first time contends that the use of the Fargo device to transmit the conversation which took place in defendant's home to listeners outside of such home was an unconstitutional invasion of defendant's home, contrary to the Fourth Amendment to the Constitution. Defendant cites Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734, in support of his position. While conceding that this case does not modify or overrule On Lee v. United States, 343 U. S. 747, 72 S.Ct. 967, 96 L.Ed. 1270; Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322, and related cases, he contends that the decision of the Supreme Court in Silverman nevertheless renders inadmissible the testimony of the agents as to the overheard conversation in the case before us. Supreme Court decisions, until overruled or modified, are binding on this Court and must be followed. United States v. Finazzo, 288 F.2d 175, 177 (C.A. 6, 1961). It would be judicially unseemly for us to accept defendant's invitation to anticipate whether the Supreme Court would extend the Silverman case to strike down as unconstitutional the use of the Fargo device in the circumstances presented here.[1]

██ We decline, however, to consider the constitutional question now raised. It was not raised in the District Court and there was ample evidence there of defendant's guilt, independent of the corroboration provided by the Fargo device.

██ Although specific objections were made to the introduction of the agents' testimony, none of them were bottomed upon the constitutional ground now as-

---

[1]. The exciting developments in the field of such devices lead us to ponder whether soon no one will find sanctuary in his home, his office, or any place, free from invasion by whoever cares to look or listen.

serted. As Dean Wigmore has said: "A specific objection *overruled* will be effective to the extent of the grounds specified, and no further." 1 Wigmore on Evidence (3d Ed., 1940) § 18C (2). The Supreme Court has held that an objection to evidence predicated upon a specific constitutional claim is not properly presented for review if the only objection made in the trial court was based on other grounds. On Lee v. United States, 343 U.S. 747, 749–750, n. 3, 72 S.Ct. 967, 96 L.Ed. 1270. Under such circumstances, the Court of Appeals may decline to consider the constitutional claim in the exercise of its discretion under Rule 52(b), F.R.Cr.P. On Lee v. United States, supra; United States v. Sansone, 231 F.2d 887, 891 (C.A. 2, 1956), cert. denied, 351 U.S. 987, 76 S. Ct. 1055, 100 L.Ed. 1500; Self v. United States, 249 F.2d 32, 34 (C.A. 5, 1957); Litton v. United States, 177 F.2d 416, 418 (C.A. 8, 1949).

Judgment affirmed.