**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank John PASQUINZO, Defendant-Appellant.**

**No. 15708.**

United States Court of Appeals Sixth Circuit.

June 30, 1964.

Frederick D. Bartholomew, Detroit, Mich., for appellant.

Paul J. Komives, Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and BROWN, District Judge.

PER CURIAM.

Frank J. Pasquinzo, defendant-appellant, was convicted by a jury of knowingly and illegally selling narcotics in violation of Title 26 U.S.C. § 4705(a).

From the evidence the jury could find the following. Defendant told one McKinney that he had some narcotics for sale. McKinney reported this to the Detroit office of the Bureau of Narcotics. A plan was made by the Bureau and McKin-

ney whereby McKinney would represent to defendant that he would find a purchaser. McKinney then had several conversations, over a period of two days, with defendant in defendant's drug store. During these conversations, McKinney was outfitted with a "Port-A-Talk," a radio device, by means of which Bureau agents, outside the store, heard the conversations. The agents also at that time had McKinney and defendant in view through windows.

After McKinney finally made arrangements with defendant for a sale, a Bureau agent entered the store, posing as a purchaser, paid money to McKinney and received the narcotics from him. McKinney then delivered the money to defendant. The money had been dusted with fluorescent powder. Other agents shortly thereafter entered the store, retrieved the money, and found evidence of the powder on defendant's hands.

Defendant first contends that the Government obtained possession of the narcotics by an unlawful search and seizure. The answer to this is that the Government simply did not search for and seize the narcotics, but rather its narcotics agent purchased the narcotics from defendant.

Next the defendant contends that the agents should not have been allowed, over defendant's objection, to testify as to the content of the conversations heard over the "Port-A-Talk." In addition to having McKinney and defendant in view at the time of the conversations, at least one of the agents identified defendant's voice. McKinney also testified as to the content of the conversations. These circumstances more than sufficiently support the admissibility of this testimony. As to constitutionality, see On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952) and Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). Moreover, United States v. Miller, 316 F.2d 81 (C.A.6, 1963) holds that the adequacy of the identification of voices and the reliability of the radio device are matters going only to the weight of the testimony and not to the admissibility.

Lastly, defendant contends that the evidence is insufficient to support the jury verdict. There was no motion here for a judgment of acquittal. Ordinarily, if no motion is made, the appellate court is not required to pass on the sufficiency of the evidence. United States v. Cooper, 321 F.2d 456 (C.A.6, 1963). However, a review of the evidence indicates without question that it amply supports the verdict.

Accordingly, the judgment below is affirmed.