UNITED STATES of America, Plaintiff-Appellee,

v.

Brenda GARDNER, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Paul MONTGOMERY, Defendant-Appellant.

Nos. 19337, 19338.

United States Court of Appeals
Sixth Circuit.

Sept. 30, 1969.

Emmett S. Long, Jr., Detroit, Mich., for appellants.

George G. Newman, Asst. U. S. Atty., Detroit, Mich., for appellee; Robert J. Grace, U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellants were convicted of possession and sale of heroin in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Montgomery was convicted of sales on May 19 and June 25, 1964. Gardner was acquitted with respect to the May 19 transactions and convicted of the June 25 offense. We affirm.

The evidence, viewed in the light most favorable to the Government, was as follows: On May 19, 1964, an informant for the Federal Bureau of Narcotics arranged to purchase heroin from Montgomery. The arrangements were made over the telephone, and a federal agent listened to the conversation with the consent of the informant. The informant went to Montgomery's apartment with a radio transmitter concealed on his person. A woman named Brenda ad-

---

mitted the informant to the apartment and took the money he paid after Montgomery measured the heroin and wrapped it in aluminum foil. Two federal agents heard the conversation connected with the transaction over their radio receiver.

On June 25, 1964, the informant once again arranged by telephone to purchase heroin from Montgomery. As before a federal agent listened to the telephone conversation. The radio transmitter was concealed on the informant. The two agents went to the roof of an adjacent building from which they could see into Montgomery's apartment through a window. Brenda Gardner went toward the door of the apartment when the informant knocked. A woman's voice was heard on the radio after the opening of the door. She asked whether the informant had the money. He gave the money to her and she gave him an aluminum foil package containing heroin. She also gave him a dollar which she said Montgomery had told her to give him. The informant left, and after the door was heard closing, Brenda Gardner was seen walking away from the door. Gardner could not been seen by the agents while at the door.

The informant, testifying four years after the events, could not identify Brenda Gardner as the woman who was present on the occasions of his purchases, but he did testify positively that the woman was known to him as Brenda and that the same woman was present on both occasions. Two federal agents positively identified the defendant Gardner as the woman who was in the apartment on June 25.

■ We hold that there is sufficient evidence in the record from which the jury could find beyond a reasonable doubt that Gardner possessed and sold heroin on June 25, 1964, and that Montgomery was guilty of the charged offenses on both May 19 and June 25, 1964.

■ Appellants contend that the concealed radio transmitter violated their Fourth Amendment rights. The agents who listened to the radio transmissions testified as to their contents. The informant also testified.

On Lee v. United States, 343 U.S. 747, 751, 72 S.Ct. 967, 971, 96 L.Ed. 1270, held that the use of a concealed radio transmitter in an manner which was practically identical to the use involved in the present case "did not amount to an unlawful search and seizure such as is proscribed by the Fourth Amendment." Appellants rely on United States v. White, 405 F.2d 838 (7th Cir. en banc), cert. granted, 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559 (No. 1024), which held that On Lee had been eroded and was no longer controlling despite its being legally and factually in point, and on Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. However, Koran v. United States, 408 F.2d 1321 (5th Cir.), and Holt v. United States, 404 F.2d 914 (10th Cir.), cert. denied, 393 U.S. 1086, 89 S.Ct. 872, 21 L.Ed.2d 779, relied on On Lee and were decided in the light of Katz. We have examined On Lee in the light of Katz; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394; Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312; and Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, and other cases. We find nothing to indicate that On Lee should not control the present case.

"Supreme Court decisions, until overruled or modified, are binding on this Court and must be followed." United States v. Miller, 316 F.2d 81, 83 (6th Cir.), cert. denied, 375 U.S. 935, 84 S.Ct. 335, 11 L.Ed.2d 476. We hold that there was no violation of appellants' Fourth Amendment rights.

Affirmed.